# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE LEE KEEL, III,<br>　　Plaintiff | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 19-CV-3813 |
| DIRECT EXPRESS BANK FRAUD<br>SERVICES DEPARTMENT,<br>　　Defendant | :<br>:<br>:<br>: |

## MEMORANDUM

PRATTER, J.　　　　　　　　　　　　　　　　　　　　　　SEPTEMBER 12, 2019

Plaintiff Jesse Lee Keel, III, a *pro se* litigant, filed this civil action against the Direct Express Bank Fraud Services Department. Mr. Keel seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Keel leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

## I.　　FACTS

The basis for Mr. Keel's Complaint appears to be his allegation that money was stolen from his account via an A.T.M. and that the bank would not reimburse him. He also alleges that someone is using another name to gain access to his accounts. Mr. Keel asks the Court to order the bank to reimburse him for the allegedly stolen money and to direct the arrest and prosecution of the individuals who are stealing from him. Mr. Keel's exhibits consist of, among other things, reports he made about stolen funds and documents from the Social Security Administration with information about his benefits.

## II.　　STANDARD OF REVIEW

The Court will grant Mr. Keel leave to proceed *in forma pauperis* because it appears that he is unable to prepay the fees to commence this civil action.

Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss a complaint if it fails to state a claim. To state a claim, a pleading must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Because Mr. Keel is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III. DISCUSSION

Mr. Keel has not alleged a factual basis for a claim within the Court's jurisdiction. His Complaint does not allege any basis for a federal claim against the bank for purposes of invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331.[1]

---

[1] The Court understands the Complaint to be based on an alleged theft of funds from Mr. Keel's account. The Court does not understand Mr. Keel to be challenging a final decision of the Commissioner of Social Security about his benefits. The proper defendant in any such case (if that was or is the claim) would be the Commissioner of Social Security. *See* 42 U.S.C. § 405(g).

2

If Mr. Keel intends to raise claims against the Defendant under state law, he has not pled a basis for the Court's jurisdiction. The only independent basis for the Court's jurisdiction over state law claims is pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Such diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a citizen of the state in which it was incorporated as well as the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). "[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members." *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420. A national banking association is a citizen of the state designated in its articles of association as its main office. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). In some cases, "a plaintiff may allege that the defendant is *not* a citizen of the plaintiff's state of citizenship" after conducting a reasonable investigation into the defendant's citizenship. *Id.* at 107-08.

It is not clear what type of entity Direct Express Bank Fraud Services Department is for purposes of the jurisdictional analysis. Mr. Keel provides a Pennsylvania address for himself and a Texas address for the Defendant, but it is not clear where that address comes from and

3

whether it is relevant to the necessary jurisdictional analysis. It is also not clear from the Complaint whether the amount in controversy exceeds $75,000. Accordingly, Mr. Keel has not adequately pled a basis for diversity jurisdiction under § 1332.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Keel leave to proceed *in forma pauperis* and dismiss his Complaint for lack of subject matter jurisdiction. Mr. Keel may file an amended complaint in the event he can state a basis for a claim within the Court's jurisdiction. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER, J.